IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MANDY SUE DAVIS,      :  | |
|           Plaintiff        :  | Civil No. 1:14-CV-1404 |
|                                  :  | |
|      v.                       :  | |
|                                  :  | |
| CMH MANUFACTURING, INC.   : | |
| d/b/a MARLETTE HOMES,    :  | |
|                                  :  | Judge Sylvia H. Rambo |
|           Defendant       :  | |

**M E M O R A N D U M**

In this employment discrimination action, Plaintiff sued her former employer on the basis that she was subjected to a sexually hostile work environment and retaliated against for reporting sexual harassment, which she contends was in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, and the Pennsylvania Human Relations Act, 43 Pa. C.S. § 951. Presently before the court is Defendant's motion to dismiss, which challenges Plaintiff's ability to sustain a cause of action due to operation of a contractual limitations period. For the following reasons, Defendant's motion to dismiss will be denied, without prejudice to Defendant's right to raise a similar argument at the appropriate stage of litigation.

**I.      Background**

As required when deciding a motion to dismiss, the court will accept as true the well-pleaded factual averments set forth in the complaint (Doc. 1) and view them in the light most favorable to Plaintiff as the nonmoving party.

### A. Facts

On December 10, 2012, Defendant CMH Manufacturing d/b/a Marlette Homes ("Defendant"), an entity that was incorporated in Tennessee and engaged in the manufacturing of modular homes (*id.* at ¶ 4), hired Plaintiff, an individual residing within the Middle District of Pennsylvania (*id.* at ¶ 3), to work as a custodian at its Lewistown, Pennsylvania, facility (*id.* at ¶ 12). In that capacity, Plaintiff was responsible for, inter alia, maintaining both the male and female restrooms. (*Id.* at ¶ 13.) Plaintiff alleges that when she was required to clean the men's restroom, her manager, Lance D. Kellas, frequently made inappropriate sexual remarks. (*Id.* at ¶ 14.) Plaintiff's requests for Kellas to cease his sexual comments were to no avail. (*Id.* at ¶ 15.)

Plaintiff reported Kellas's continued behavior to her senior manager, John Campbell, indicating that Kellas's comments made her feel uncomfortable. (*Id.* at ¶ 16.) Campbell told Plaintiff that "he would take care of the problem." (*Id.*) Shortly thereafter, on or around January 9, 2013, Kellas fired Plaintiff for unsatisfactory performance, including Plaintiff's alleged failure to mop and fill paper dispensers daily. (*Id.* at ¶ 17.) Plaintiff alleges that, during her six weeks of employment with Defendant, she had never been reprimanded or otherwise disciplined and avers that the immediate termination of her employment was inconsistent with the Progressive Counseling policy outlined in the Team Member Handbook. (*Id.* at ¶¶ 18-19.)

### B. Administrative Proceedings

On June 13, 2013, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), in which she alleged sexual

harassment, retaliation, and wrongful discharge. (Doc. 1, ¶ 7.) The claim was cross-filed with the Pennsylvania Human Relations Commission ("PHRC"). (*Id*. at ¶ 9.) On July 17, 2014, Plaintiff was notified by the EEOC of her right to sue. (*Id.* at ¶ 10.)

### C. Procedural History

Plaintiff initiated the instant action on July 21, 2014. (Doc. 1.) On October 6, 2014, Defendant timely filed a motion to dismiss and brief in support. (Docs. 7 & 8; *see also* Doc. 6 (granting Defendant's unopposed motion for an extension of time to respond to Plaintiff's complaint).) Plaintiff has not yet responded to the instant motion.

## II. Legal Standard

Defendant moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Federal Rule of Civil Procedure 8 requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's short and plain statement of the claim must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of

the non-moving party. *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (internal citations omitted) (citing *Twombly*, 550 U.S. at 555, 557). However, this "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *West Penn Allegheny Health Sys. Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010) (citing *Phillips*, 515 F.3d at 234).

Finally, when conducting this inquiry, the court considers "only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Turner v. Leggett*, 421 F. App'x 129, 131 (3d Cir. 2011) (citing *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004)). A document forms the basis of a claim when it is "integral to or explicitly relied upon in the complaint." *Allegheny Health*, 627 F.3d at 97 (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

### III.     Discussion

Defendant does not challenge the sufficiency of the factual matter pleaded in Plaintiff's complaint; rather, it challenges Plaintiff's ability to bring a cause of action due to Plaintiff's noncompliance with the statute of limitations. The Federal Rules of Civil Procedure do not generally permit a statute of limitations

defense to be used in the context of a Rule 12(b)(6) motion.[1] *See Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) ("[A] limitations defense must be raised in the answer, since Rule 12(b) does not permit it to be raised by motion."). However, it is well-established that an exception may be made where "the *complaint facially shows* noncompliance with the limitations period and the affirmative defense clearly appears on the *face of the pleading*." *Fidelity Nat'l Title Ins. Co. v. Craven*, Civ. No. 2012-cv-4306, 2012 WL 5881856, *5 (E.D. Pa. Nov. 21, 2012) (emphasis supplied) (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.1 (3d Cir. 1994)). A court may not dismiss a claim on a Rule 12 motion "where the face of the [complaint] does not unequivocally reveal whether a cause of action has been commenced within the limitations period." *Id.* (citing *Robinson*, 313 F.3d at 135); *see also Jaramillo v. Experian Info. Solutions, Inc.*, 155 F. Supp. 2d 356, 358-59 (E.D. Pa. 2001) (holding that for a Rule 12 dismissal of a claim to be time-barred, noncompliance with the limitations period must clearly appear on the face of the pleading).

Based on the face of the pleading, Defendant's motion must be denied because Plaintiff's claim cannot be dismissed on the basis of her failure to comply with the applicable statute of limitations. To bring a suit under Title VII, a claimant in a deferral state, such as Pennsylvania, must first file a complaint with the EEOC within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1); *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 165 (3d Cir. 2013); *King v. Mansfield Univ. of Pa.*, Civ. No. 11-cv-1112, 2014 WL 3734551, *9 (M.D. Pa.

---

[1] Rule 12(b) states that "[e]very defense . . . must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion. . . ." Fed. R. Civ. P. 12(b). The defenses listed in Rule 12(b) do not include statutes of limitations defenses.

July 28, 2014). Plaintiff's charge raising sexual harassment was filed with the EEOC and cross-filed with the PHRC on June 13, 2013, which is 155 days from the date of the last alleged discriminatory action. Thus, Plaintiff's claim complies with Title VII's limitations period.

Defendant argues, however, that the applicable statute of limitations is not the one set forth in Title VII but rather the limitations period to which Plaintiff agreed at the commencement of her employment with Defendant. In support of its argument, Defendant submits with its motion to dismiss a document titled "Team Member Acknowledgment Waiver," which, in addition to a jury trial waiver, provides in part as follows:

> Team Member further agrees that if Team Member files a lawsuit against Company, Team Member shall do so within six (6) months after the date of the employment action that is subject of the lawsuit, and Team Member waives any legal rights that would allow Team Member more than six (6) months to file suit.

(Doc. 7-1, p. 1 of 1.) Defendant also submits another document, in which Plaintiff again agreed to limit the statute of limitations for any lawsuit. The agreement provides that:

> [I]n the event the company cannot resolve my dispute and I think a lawsuit arising out of my employment is necessary, I agree with the company as follows:
>
>        \*   \*   \*
>
> To file any lawsuit no more than six months after the date of the employment action that is the subject of the lawsuit. My signature below indicates that I agree to waive all rights contained in any law that would allow me more than six (6) months to file suit.

(Doc. 7-2, p. 1 of 1.) Based on these agreements, Defendant argues that Plaintiff initiated the instant action well beyond the contractually agreed upon statute of limitations that would have expired on August 1, 2013,[2] which is nearly a year before Plaintiff filed her complaint. Defendant contends that Plaintiff's procrastination prohibits her from bringing a claim and justifies the court's dismissal of the lawsuit.

Based on the posture of the case, the court disagrees. Assuming that the six-month contractual limitation period in an employment agreement is reasonable and permissible notwithstanding the explicit time limits set forth in Title VII, the success of the affirmative defense does not clearly appear on the face of the pleading. Rather, as stated, the face of the pleading demonstrates that Plaintiff complied with Title VII's limitations period. It is only looking at an extraneous document that demonstrates Plaintiff's noncompliance with the contractually modified limitations period. This goes beyond the scope and purpose of a motion to dismiss.

Defendant cites *In re Donald J. Trump Casino Securities Litigation*, 7 F.3d 357, 368 n. 9 (3d Cir. 1993), and *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993), for the proposition that "the review of documents attached as exhibits to a motion to dismiss is proper where the allegations in the complaint are based on such documents and the plaintiff has failed to attach

---

[2] The court calculates that July 9, 2013 is six months from January 9, 2013. However, Defendant states that:

> Plaintiff's claims stem directly from events that purportedly occurred while employed at [Defendant], with the last alleged discriminatory action arising from her discharge from [Defendant] on January 9, 2013.
>
> Affording Plaintiff the benefit of every doubt as to the calculation of her agreed upon limitations period, she had to file the Complaint on or before August 1, 2013 to comply with her agreement.

(Doc. 8, p. 13 of 15.) The court will use the date as calculated by Defendant.

them to the complaint." (Doc. 8, p. 3 n.2 of 15.) These cases are inapposite. In *Trump Casino*, the court found no error in the district court's consideration of a prospectus because the complaint *directly challenged* the document notwithstanding the plaintiff's failure to attach the prospectus to the complaint. *See Trump Casino*, 7 F.3d at 368 n.9 (quoting *White*, 998 F.2d at 1196). Similarly, in *White*, the plaintiff did not attach a copy of the contract at issue in his breach of contract suit. 998 F.2d at 1196. The district court properly considered the contract because the plaintiff's claim was "based" on the "undisputedly authentic document" submitted by the defendant. *Id*. Unlike the claims in *Trump Casino* and *White*, the claims set forth in Plaintiff's complaint are not based on the documents attached to the motion to dismiss. Rather, it is Defendant's *affirmative defense* that is based on the documents. The court cannot consider those documents when testing the legal sufficiency of Plaintiff's pleadings. Thus, Defendant's motion to dismiss based on a contractually shortened statute of limitations must be denied.

This is not to say that Defendant may not have a meritorious affirmative defense based on the statute of limitations. Indeed, Defendant cites several cases holding that parties may contractually shorten the otherwise applicable statute of limitations. (*See* Doc. 8, pp. 11-12 of 15.) However, the court notes that, with the exception of *Notestine v. Myriad Genetic Labs. Inc.*, Civ. No. 11-cv-0822, 2013 WL 2420341 (D. Utah May 31, 2013), each of the cited cases were considering motions for summary judgment. *See Cole v. Federal Express Corp.*, Civ. No. 06-cv-3485, 2008 WL 4307090, \*9 (E.D. Pa. Sept. 19, 2008) (granting in part the defendant's motion for summary judgment on state law claims due to contractual statute of limitations and recognizing that many courts reject a contractual limitations period to

Title VII claims); *Soltani v. Western & S. Life Ins. Co.*, 258 F.3d 1038, 1044 (9th Cir. 2001) (affirming grant of summary judgment after finding six-month contractual limitations period was not unconscionable); *Myers v. Western-S. Life Ins. Co.*, 849 F.2d 259, 262 (6th Cir. 1988) (same); *Johnson v. DaimlerChrysler Corp.*, Civ. No. 02-cv-0069, 2003 WL 1089394, *3-5 (D. Del., Mar. 6, 2003) (granting motion to dismiss *or in the alternative motion for summary judgment* after finding that contractual limitations period barred the plaintiff's Title VII suit and endorsing a "file and amend" approach). Defendant need not necessarily wait until summary judgment to renew its contractual limitations argument, *see, e.g.*, Fed. R. Civ. P. 12(c); however, it is premature to assert such an argument in a motion to dismiss.

**IV.    Conclusion**

Based on the foregoing, the court concludes that it is not apparent from the face of Plaintiff's complaint that Plaintiff's Title VII claim is untimely. Accordingly, Defendant's motion to dismiss will be denied without prejudice to Defendant's right to raise a similar argument at the appropriate stage of the litigation.

An appropriate order will issue.

                                           s/Sylvia H. Rambo
                                           United States District Judge

Dated: October 8, 2014.